UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PINEWOOD BUFFET & GRILL, INC., ) | BANKRUPTCY CASE NO. 12-83341 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| DANIEL M. DONAHUE, Trustee, ) | |
| ) | ADVERSARY CASE NO: 13-96019 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JENNIFER SMITH, REFF PROPERTIES, LLC ) | |
| and DAN G. FISHBURN, ) | |
| ) | |
| Defendants. ) | |

### AMENDED
### ADVERSARY COMPLAINT FOR DECLARATORY
### JUDGMENT AND OTHER RELIEF

Plaintiff, Daniel M. Donahue, Trustee, states as follows for his Adversary Complaint for Declaratory Judgment and Other Relief against Defendants, Jennifer Smith, Reff Properties, LLC and Dan G. Fishburn.

### INTRODUCTORY PARAGRAPHS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, in that it is a civil proceeding arising in, or related to, the Chapter 7 bankruptcy case of Pinewood Buffet & Grill, Inc. ("Pinewood").

2. This Complaint initiates a core proceeding pursuant to 28 U.S.C. § 157.

3. Pinewood filed for relief pursuant to Chapter 7 of Title 11 of the Bankruptcy Code on August 30, 2012.

4. Daniel M. Donahue is the current and acting Trustee.

5. Jennifer Smith ("Smith") is an unsecured creditor, of the debtor, Pinewood.

6. Reff Properties, LLC ("Reff") is an Illinois limited liability company and is an unsecured creditor of the debtor, Pinewood.

7.     Dan G. Fishburn ("Fishburn") is named as an additional party Defendant as Fishburn is currently holding certain insurance proceeds from Auto-Owners Insurance Company in his firm's trust account, said insurance proceeds being the subject of this pending Adversary Complaint.

## COUNT I
### (Declaratory Judgment)

1-7.   Plaintiff restates and realleges the allegations contained in paragraphs 1 - 7 of the Introductory Paragraphs as its allegations contained in paragraphs 1 - 7 of Count I as if said allegations were fully set forth herein.

8.     On or about August 11, 2010, Pinewood and Reff entered into a Real Estate and Equipment Lease Agreement for certain real and personal property located at 1404 West Galena Avenue, Freeport, Illinois ("Premises"). A copy of said Real Estate and Equipment Lease Agreement is attached hereto as Exhibit A.

9.     Pinewood obtained insurance for the Premises, including the building and contents, through a policy of insurance issued by Auto-Owners Insurance Company ("Policy"). A copy of said Policy's declaration pages are attached hereto as Exhibit B.

10.    The Policy named Pinewood as the insured and named Smith under the heading "Secured Interested Parties." The Policy did not name Reff as an additional loss payee or in any other manner.

11.    On June 2, 2011, the Premises, including the building and contents, were significantly damaged by fire (the "Loss"). Pinewood never reopened its business.

12.    Subsequent to the Loss, the Policy was amended to reflect Reff as an Additional Named Insured on both the building and its contents. Reff was not so named at the time Auto-Owners Insurance Company issued the Policy and/or on the date of Loss.

13.    Subject to the Loss, Auto-Owners Insurance Company issued two settlement drafts; one in the sum of $41,981.58 for Insurance Proceeds-Payment of Building Contents, and a second one in the sum of $439,252.33 for Insurance Proceeds-for Building

(collectively "Insurance Proceeds"). A copy of the drafts, collectively referred to as the Insurance Proceeds, are attached hereto as Exhibit C.

14. Subsequently the Insurance Proceeds were deposited into, and are currently held, in a trust account with Attorney Fishburn and the law firm of Fishburn Whiton Thruman pending resolution of which party is entitled to said Insurance Proceeds.

15. As Pinewood was the named insured at the time of the loss, the Insurance Proceeds are property of the bankruptcy estate and should be paid to the same for the benefit of the estate's creditors.

16. Should the Insurance Proceeds not be paid to the bankruptcy estate, the value of the estate will be lessened to the detriment of the estate's creditors.

17. An actual and justifiable controversy exists between the parties regarding the Insurance Proceeds in that the Trustee claims the Insurance Proceeds are property of the bankruptcy estate while Reff claims a secured interest in said proceeds.

18. The Trustee requests this Court for a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. §2201, that the Insurance Proceeds are property of the bankruptcy estate and that Reff has no claim to the Insurance Proceeds outside of the bankruptcy estate.

WHEREFORE, Plaintiff, Daniel M. Donahue, Trustee, respectfully requests this Court for an order declaring and decreeing the relief requested herein, namely that the Insurance Proceeds are the property of the bankruptcy estate and should be paid to the same, along with such other and further relief in favor of the Trustee as this Court deems just and proper.

<u>COUNT II</u>
(Turnover of Insurance Proceeds)

1-18. Plaintiff restates and realleges the allegations contained in paragraphs 1 - 18 of Count I as its allegations contained in paragraphs 1 - 18 of Count II as if said allegations were fully set forth herein.

19.  Plaintiff requests this Court for an Order requiring Attorney Fishburn to turnover the Insurance Proceeds to be paid to the bankruptcy estate for the benefit of its creditors.

WHEREFORE, Plaintiff, Daniel M. Donahue, Trustee, respectfully requests this Court for an Order directing the turnover of the Insurance Proceeds to the bankruptcy estate, plus such other and further relief as this Court deems just and proper.

/s/ Daniel M. Donahue
Daniel M. Donahue, Trustee

Daniel M. Donahue
McGreevy Williams, PC
6735 Vistagreen Way
POB 2903
Rockford, IL 61132-2903
815/639-3700
815/639-9400 (fax)