IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| PINEWOOD BUFFET & GRILL, INC., | ) | |
| | ) | Bankruptcy Case No. 12-83341 |
| Debtor, | ) | |
| DANIEL M. DONAHUE, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Case No. 13-96019 |
| | ) | |
| *v.* | ) | Judge Thomas M. Lynch |
| | ) | |
| JENNIFER SMITH, REFF PROPERTIES, LLC, and BRADLEY T. KOCH, | ) | |
| | ) | |
| Defendants. | ) | |
| REFF PROPERTIES, LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| *v.* | ) | |
| BAUER GROUP AGENCY, LTD, a/k/a THE BAUER GROUP LTD, a/k/a BAUER McCOY INSURANCE AGENCY, INC., MICHAEL WOODWARD, AUTO-OWNERS INSURANCE and JENNIFER SMITH, | ) | |
| | ) | |
| Third-Party Defendants, | ) | |

## NOTICE OF MOTION

TO:   See attached Service List

PLEASE TAKE NOTICE that on May 29, 2013, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before The Honorable Thomas M. Lynch in Courtroom 3100 of the Stanley J. Roszkowski United States Courthouse, 327 South Church Street, Rockford, Illinois 61101 or before such other judge who may be sitting in his stead in that courtroom, and shall then and there present The Bauer Group, Ltd. and Michael Woodward's

Motion to Dismiss Counts I and II of Third-Party Complaint, at which time and place you may appear as you see fit. A copy of the motion is being served upon you together with this Notice.

                    Respectfully submitted,

                    O'HAGAN, LLC

                    By: /s/JAMES W. DAVIDSON
                        One of the Attorneys for
                        The Bauer Group Agency, Ltd. and
                        Michael Woodward
                        *Attorneys for Third-Party Defendants*

James W. Davidson, Esq. (6281542)
O'HAGAN, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Tel: (312) 422-6100
Fax: (312) 422-6110

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 10, 2013, he caused a copy of the foregoing *Notice of Motion and The Bauer Group, Ltd. and Michael Woodward's Motion to Dismiss Counts I and II of Third-Party Complaint* to be served upon the attorneys of records who are reflected in the attached Service List by way of the Court's ECF filing system

    /s/JAMES W. DAVIDSON
    James W. Davidson

## **SERVICE LIST**

<u>Bankruptcy Court Trustee</u>
Daniel Donahue, Esq.
P. O. Box 2903
Rockford, Illinois 61132-2903
815 639-3700
Email: ddonahue@mjwpc.com

<u>Counsel for Jennifer Smith</u>
Ralph E. Elliott, Esq.
Law Offices of Ralph E. Elliott
1005 West Loras Drive
Freeport, Illinois  61032
815 233-1022
Fax : 815 233-1988
Email: ree@reelaw.com

<u>Counsel for Reff Properties</u>
Craig A Willette, Esq.
Yalden Olsen & Willette
1318 E. State Street
Rockford, Illinois 61104
815-965-8635
Fax : 815 965-4573
craigwillette@comcast.net

23556-JJO/DJN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| PINEWOOD BUFFET & GRILL, INC., ) | |
| ) | Bankruptcy Case No. 12-83341 |
| Debtor, ) | |
| DANIEL M. DONAHUE, Trustee, ) | |
| ) | |
| Plaintiff, ) | Adversary Case No. 13-96019 |
| ) | |
| v. ) | Judge Thomas M. Lynch |
| ) | |
| JENNIFER SMITH, REFF PROPERTIES, ) | |
| LLC, and BRADLEY T. KOCH, ) | |
| ) | |
| Defendants. ) | |
| REFF PROPERTIES, LLC, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| BAUER GROUP AGENCY, LTD, a/k/a ) | |
| THE BAUER GROUP LTD, a/k/a BAUER ) | |
| McCOY INSURANCE AGENCY, INC., ) | |
| MICHAEL WOODWARD, AUTO-OWNERS ) | |
| INSURANCE and JENNIFER SMITH, ) | |
| ) | |
| Third-Party Defendants, ) | |

**THE BAUER GROUP, LTD. AND MICHAEL WOODWARD'S
MOTION TO DISMISS COUNTS I AND II OF THIRD-PARTY COMPLAINT**

Third-Party Defendants The Bauer Group Ltd. and Michael Woodward (collectively referred to as the "Bauer Group"), through their attorneys, O'Hagan, LLC by James Davidson and Daniel J. Nolan, and for their Motion to Dismiss Counts I and II of Third-Party Plaintiff's Complaint state as follows:

**INTRODUCTION**

On March 13, 2013, the Trustee filed an Amended Adversary Complaint for Declaratory Judgment and Other Relief against Jennifer Smith ("Smith"), an unsecured creditor of Debtor; Reff Properties, LLC ("Reff"), an unsecured creditor of Debtor; and Dan G. Fishburn ("Fishburn"), the escrow agent holding certain insurance proceeds from Auto-Owners Insurance Company, which were paid following the June 2, 2011 fire at the Debtor's restaurant.[1]  In its Adversary Complaint, the Trustee seeks a declaration from this Court that the insurance proceeds are the property of the bankruptcy estate and that Reff has no claim to the insurance proceeds outside of the bankruptcy estate.  In its answer to the Adversary Complaint, Reff contends that it was named as an insured under the Auto-Owners' policy issued to the Debtor, denies that the insurance proceeds are the property of the bankruptcy estate, and further asserts that the insurance proceeds are properly payable to Reff.  *See* Reff's Answer and Affirmative Defense to Adversary Complaint, ¶¶ 9 and 18.

On March 13, 2013, Reff filed its Third-Party Complaint against The Bauer Group, LTD, Michael Woodward, Auto-Owners Insurance and Jennifer Smith asserting various alternative causes of action to its claim for the insurance proceeds at issue in the Adversary Complaint. Counts I and II attempt to assert a cause of action against the Bauer Group and Michael Woodward (collectively "the Bauer Group") pursuant to the Illinois Insurance Placement Liability Act, 735 ILCS 5/2-2201(a).  Reff essentially asserts the Bauer Group failed to name Reff as an Additional Insured to the Auto-Owners insurance policy issued to Debtor for the property located at 1404 West Galena Avenue, Freeport, Illinois which was damaged by fire on June 2, 2011.

---

[1] On March 1, 2013, the Trustee filed its initial Adversary Complaint which is identical to the Amended Adversary Complaint except that it named Bradley T. Koch as the escrow agent holding the insurance proceeds.

2

In its Third-Party Complaint, Reff asserts that this Court has subject matter jurisdiction over the Third-Party Complaint pursuant to the provisions of 28 U.S.C. § 1367 which it alleges provides this Court with supplemental jurisdiction to adjudicate claims subject to its bankruptcy jurisdiction under 28 U.S. C. § 1334.  This Motion to Dismiss is brought pursuant to the provision of Federal Rule of Bankruptcy Procedure 7012 (b) which incorporates Federal Rule of Civil Procedure 12(b)(1) and provides "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction."

It is clear this Court does not have subject matter jurisdiction of this Third-Party Complaint as the claims set forth in Counts I and II do not arise "under title11" or "arise in or related to cases under title 11."  In fact, Reff limits its jurisdictional statement to Section 1367. However, this Court does not have ancillary subject matter jurisdiction under Section 1367 as in the United States Bankruptcy Court for the Northern District of Illinois has consistently held that bankruptcy courts do not have the power to assert ancillary jurisdiction. *See* Fisher v. Federal Nat'l Mortgage Ass'n., 151 B.R. 895 (Bankr. N.D. Ill. 1993);  In re Conseco, 305 B.R. 281 (Bankr. N.D. Ill. 2004); In re Ha-Lo Industries, Inc., 330 B.R. 663 (Bankr. N.D. Ill. 2005).

I.  **THE BANKRUPTCY COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OF THE THIRD PARTY COMPLAINT**

Subject matter jurisdiction is a "threshold question 'the first question in every case" because without jurisdiction 'the court cannot proceed at all." In re Alt Hotel, LLC, 479 B.R. 781, 805 (Bankr. N.D. Ill. 2012), *quoting* State of Illinois v. City of Chicago 137 F.3d 474, 478 (7th Cir. 1998) and Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).  This Court lacks subject matter jurisdiction over Counts I and II of the Third-Party Complaint.  28 U.S.C. §

3

1334 provides the district court with original and exclusive jurisdiction of bankruptcy cases. Section 1334 (a) and (b) provides as follows:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Jurisdiction of the bankruptcy court is conferred upon by 28 U.S.C. § 157. Section 157 provides in pertinent part as follows:

> § 157(a) Each district court may provide that any or all cases under title 11 [i.e., the bankruptcy code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> \* \* \*
>
> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.
>
> \* \* \*

28 U.S.C. § 157. A proceeding is core under Section 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature could only arise in the context of a bankruptcy case." In re Ha-Lo Industries, Inc., 330 B.R. 663 (Bankr. N.D. Ill. 2005) *quoting* Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990). It is well settled that bankruptcy jurisdiction is limited and exists only over claims that either arise under title 11 or arise in or are "related to" cases under title 11. In re Alt Hotel, LLC, 479 B.R. 781, 806 (Bankr. N.D. Ill. 2012).

4

Counts I and II do not assert any claims which "<u>arise in</u>" bankruptcy. Claims "arising in" bankruptcy are "administrative matters that arise *only* in bankruptcy cases." <u>CLC Creditors' Grantor Trust v. Sonnenschein Nath & Rosenthal LLP (In re Commer. Loan Corp.)</u>, 363 B.R. 559, 565 (Bankr. N.D. Ill. 2007) *quoting* <u>Wood v. Wood (In re Wood)</u>, 825 F.2d 90, 97 (5th Cir. 1987) (emphasis in original). "A proceeding 'arises in' bankruptcy only if it has 'no existence outside of the bankruptcy.'" <u>Nelson v. Welch (In re Repository Techs., Inc.)</u>, 601 F.3d 710, 719 (7th Cir. Ill. 2010) *quoting* <u>Stoe v. Flaherty</u>, 436 F.3d 209, 216 (3d Cir. 2006). Counts I and II of the Third-Party Complaint do not "arise in a case under title 11" as they are state law claims, based upon an Illinois statute, and they do not concern "administrative matters that arise *only* in bankruptcy cases".

Additionally, Counts I and II do not assert any claims "<u>arising under</u>" bankruptcy. Claims "arising under" bankruptcy are claims "created or determined by a statutory provision of title 11." <u>Nelson v. Welch (In re Repository Techs., Inc.)</u>, 601 F.3d 710, 719 (7th Cir. Ill. 2010) *quoting* <u>Wood v. Wood (In re Wood)</u>, 825 F.2d 90, 96 (5th Cir. 1987). Again, Counts I and II do not "arise under" title 11 as they are state law claims based upon an Illinois statute, not claims "created or determined by a statutory provision of title 11".

Finally, Counts I and II do not assert any claims that are "<u>related to cases under title 11</u>". The Seventh Circuit has consistently interpreted "related to" jurisdiction "more narrowly than other circuits" in order "to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts." <u>In re Alt Hotel LLC</u>, 479 B.R. 781, 806 (Bankr N.D. Ill. 2007) *quoting* <u>In re FedPak Sys., Inc.</u>, 80 F.3d 207, 214 (7th Cir. 1996); *see also* <u>Home Ins. Co. v. Cooper & Cooper, Ltd.</u>, 889 F.3d 746,749 (7th Cir. 1989). Bankruptcy jurisdiction "'extends no farther than its purpose' which is 'to provide a single forum for dealing with claims to the

5

bankrupt's assets.'" In re Alt Hotel LLC, 479 B.R. 781, 806 (Bankr N.D. Ill. 2007) *quoting* Elscint, Inc. v. First Wis. Fin. Corp. (In re Xonics, Inc.), 813 F.2d 127, 131 (7th Cir. 1987). As such, a "dispute is 'related to' a bankruptcy case only if it 'affects the amount of property for distribution [i.e. the debtors estate] or the allocation of property amount creditors.'" In re Alt Hotel LLC, 479 B.R. 781, 806 (Bankr N.D. Ill. 2007) *quoting* In re FedPak Sys., Inc., 80 F.3d 207, 213-14 (7th Cir. 1996).

The Bauer Group does not assert any position relating to the Trustee's Adversary Complaint as the Bauer Group was not named in the Adversary Complaint, and does not hold or control any monies in dispute by the Adversary Complaint. This Court's resolution of the Adversary Complaint will affect the amount of money for distribution; however, a resolution of Counts I and II of the Third-Party Complaint will clearly not affect the amount of money for distribution or the allocation of property among creditors.

This court does not have subject matter jurisdiction over Count I and II of the Third-Party Complaint pursuant to 28 U.S.C. §157. As such, Counts I and II of the Third-Party Complaint should be dismissed with prejudice.

II. **THERE IS NO ANCILLARY JURISDICTION OF THE THIRD-PARTY COMPLAINT PURSUANT TO 28 U.S.C. § 1367**

Reff asserts that this Court has jurisdiction over the Third Party Complaint pursuant to 28 U.S.C. § 1367 which it contends provides this Court with supplemental jurisdiction to adjudicate claims subject to its bankruptcy jurisdiction under 28 U.S.C. § 1334. However, numerous bankruptcy courts within the United States Bankruptcy Court for the Northern District of Illinois have ruled that a bankruptcy court may not assert ancillary jurisdiction pursuant to 28 U.S.C. § 1367. *See* Fisher v. Federal Nat'l Mortgage Ass'n., 151 B.R. 895 (Bankr. N.D. Ill. 1993); In re

6

Conseco, 305 B.R. 281 (Bankr. N.D. Ill. 2004); In re Ha-Lo Industries, Inc., 330 B.R. 663 (Bankr. N.D. Ill. 2005).

In Fisher, the court analyzed the applicability of ancillary jurisdiction of the bankruptcy court pursuant to 28 U.S.C. § 1367 and ruled that there was no statutory basis for the bankruptcy court to exercise ancillary jurisdiction. Fisher v. Federal Nat'l Mortgage Ass'n., 151 B.R. 895, 899 (Bankr. N.D. Ill. 1993). In reaching its decision, the Fisher court looked to 28 U.S.C. § 151 which states as follows:

> § 151. Designation of bankruptcy courts
>
> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter [28 USCS §§ 151 et seq.] with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 USCS § 151. The court in Fisher ruled that "authority conferred under this chapter" means authority conferred under 28 U.S.C. § 157 (*i.e.* any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to any case under title 11). As such, the court in Fisher ruled that while Section 1367 may provide ancillary jurisdiction to the district courts it did not provide such supplemental jurisdiction to the bankruptcy courts. Fisher v. Federal Nat'l Mortgage Ass'n., 151 B.R. 895, 899 (Bankr. N.D. Ill. 1993).

Additionally, in In re Conseco, 305 B.R. 281 (Bankr. N.D. Ill. 2004), the court analyzed whether the bankruptcy court could assert ancillary jurisdiction and concluded "that the answer was no." The Conseco court followed the decision in Fisher in ruling that the "bankruptcy court has no grant of authority from the district court beyond the three types of jurisdiction identified in §157(a)." Id at 287.

7

Finally, the court in <u>In re Ha-Lo Industries, Inc.</u>, 330 B.R. 663, 672 (Bankr. N.D. Ill. 2005), followed the holdings in <u>Fisher</u> and <u>Conseco</u> and ruled that a bankruptcy court's jurisdiction is limited to the three types of jurisdiction set forth in 28 U.S.C. §157(a) and bankruptcy courts "do not have the power to exercise ancillary jurisdiction."

As such, this court does not have the authority to exercise ancillary jurisdiction over Counts I and II of the Third-Party Complaint. Counts I and II of the Third-Party Complaint should be dismissed with prejudice.

WHEREFORE, Third-Party Defendants The Bauer Group Ltd. and Michael Woodward respectfully request that this Court enter an Order dismissing Counts I and II of the Third-Party Complaint and for any such further relief that this Court deems appropriate and just.

        Respectfully submitted,

        O'HAGAN, LLC

        By: /s/ JAMES W. DAVIDSON
           One of the Attorneys for
           The Bauer Group Agency, Ltd. and
           Michael Woodward
           *Attorneys for Third-Party Defendants*

James Davidson (ARDC No. 6281542)
O'HAGAN, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Tel: (312) 422-6100
Fax: (312) 422-6110

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 10, 2013, he caused a copy of the foregoing **Motion to Dismiss Counts I and II of Third-Party Complaint** to be served upon the attorneys of records who are reflected in the attached Service List by way of the Court's ECF filing system

    /s/ JAMES W. DAVIDSON
James W. Davidson

## SERVICE LIST

Bankruptcy Court Trustee
Daniel Donahue, Esq.
P. O. Box 2903
Rockford, Illinois 61132-2903
815 639-3700
Email: ddonahue@mjwpc.com

Counsel for Jennifer Smith
Ralph E. Elliott, Esq.
Law Offices of Ralph E. Elliott
1005 West Loras Drive
Freeport, Illinois  61032
815 233-1022
Fax : 815 233-1988
Email: ree@reelaw.com

Counsel for Reff Properties
Craig A Willette, Esq.
Yalden Olsen & Willette
1318 E. State Street
Rockford, Illinois 61104
815-965-8635
Fax : 815 965-4573
craigwillette@comcast.net