UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PINEWOOD BUFFET & GRILL, INC., | ) | BANKRUPTCY CASE NO. 12-83341 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DANIEL M. DONAHUE, Trustee, | ) | |
| | ) | ADVERSARY CASE NO: 13-96019 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER SMITH, | ) | |
| REFF PROPERTIES, LLC | ) | |
| and BRADLEY T. KOCH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| REFF PROPERTIES, LLC | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAUER GROUP AGENCY, LTD. a/k/a | ) | |
| THE BAUER GROUP LTD., a/k/a | ) | |
| BAUER McCOY INSURANCE | ) | |
| AGENCY, INC., | ) | |
| MICHAEL WOODWARD, | ) | |
| AUTO-OWNERS INSURANCE and | ) | |
| JENNIFER SMITH, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

### SUPPLEMENTAL BRIEF IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTIONS TO DISMISS THIRD-PARTY PLAINTIFF'S COMPLAINT

NOW COMES, Third-Party Defendant herein, Jennifer Smith ("Smith"), by her

attorneys, Elliott & Trainor, P.C. by Ralph E. Elliott and Bridget C. Trainor, per the Court's

Order of August 29, 2013, and respectfully submits the following Supplemental Brief in Support of Third-Party Defendants' Motions to Dismiss Third-Party Plaintiff's Complaint ("Supplemental Brief"):

## BACKGROUND

Smith filed her Reply to Third-Party Plaintiff's Memorandum in Opposition to Third-Party Defendants' Motions to Dismiss Third-Party Plaintiff's Complaint (Reply) on June 7, 2013. Oral arguments were heard on June 19, 2013. Prior to Court's issuance of a Memorandum of Decision on the issues argued at said hearing, the Seventh Circuit Court of Appeals decided *Wellness International Network, Ltd. v. Sharif,* 2013 WL 4441926 (C.A.7 (Ill.)), which addressed the constitutional authority of a bankruptcy court to enter a final judgment on a state-law claim in a bankruptcy creditor's adversary complaint. This Supplemental Brief is intended to more fully articulate Smith's arguments as set forth in her Reply in light of the *Wellness* decision.

## SUMMARY OF ARGUMENT

Count VI of the Third-Party Plaintiff's Adversary Complaint seeks a declaratory judgment that the Third-Party Plaintiff, Reff Properties, is entitled to insurance proceeds free and clear of the claims of Smith if the proceeds are not determined to be property of the estate. The nature of Reff's claim is a dispute between two creditors for which state law provides an adequate remedy and over which the bankruptcy court lacks constitutional authority to enter a final decision.

## ARGUMENT I
### THIS COURT DOES NOT HAVE CONSITTUTIONAL AUTHORITY TO ENTER FINAL JUDGMENT ON THIRD-PARTY PLAINTIFF'S STATE LAW CLAIMS

*Wellness International Network, Ltd. v. Sharif* considered the bankruptcy court's constitutional authority to enter final judgment on a count of a creditor's adversary complaint

2

involving an alter-ego claim. The *Wellness* court summarized the jurisdiction of the bankruptcy court as follows:

> District courts have "original and exclusive jurisdiction of all cases under title 11," and they have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). Bankruptcy courts are units of the district courts, 28 U.S.C. § 151, and the bankruptcy judges "serve as judicial officers of the United States district courts established under Article III of the Constitution," § 152(a)(1). The district courts may refer "any or all" bankruptcy cases and proceedings to their respective district's bankruptcy judges....
>
> Congress has granted bankruptcy judges the authority to hear, determine, and enter final orders and judgments in "all cases under title 11 and all core proceedings," subject to traditional appellate review in the district court. §§ 157(b)(1) & 158. Proceedings "that arise in a bankruptcy case or under Title 11" are "core proceedings." *Stern*, 131 S.Ct. at 2605; *see also* § 157(b)(2) (providing nonexhaustive list of sixteen types of core proceedings). Proceedings that do not arise in a bankruptcy case or under title 11 but are otherwise related to a case under title 11 are noncore proceedings. See *Stern*, 131 S.Ct. at 2604–05. A bankruptcy judge may hear noncore proceedings but, absent consent of the parties, *see* § 157(c)(2), may only "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected," § 157(c)(1).

2013 WL 4441926, 7-8 (C.A.7 (Ill)).

As noted in Smith's Reply, the Seventh Circuit has defined a proceeding as core under section 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature could arise only in the context of a bankruptcy case." *In re Ha-Lo Industries, Inc.*, 330 B.R. 663, 668 (Bankr.N.D.Ill.2005) (Shmetterer, J.) *citing Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990).

In *Wellness*, the debtor failed to argue in the lower court proceedings that the alter-ego claim was core or non-core, and therefore waived the issue. The court proceeded on the

3

assumption that the alter-ego claim was a core proceeding over which the bankruptcy court had authority to enter final judgment under 157(b). However, it also stated, "the existence of statutory authority will not justify the bankruptcy court's actions if the court lacked constitutional authority." *Wellness* at 8.

The *Wellness* court assumed that the alter-ego claim was a core proceeding. Here, Reff's Third-Party Complaint against Jennifer Smith seeks a declaratory judgment adjudicating state law property rights between two non-debtors. The claim does not invoke a substantive right provided by title 11, and it is not a proceeding that by its nature could arise only in the context of a bankruptcy case. Reff's claims are not core proceedings.

Reff's claims cannot even be classified as non-core proceedings. As stated in *Wellness*, non-core proceedings are those in which the bankruptcy court can submit proposed findings of fact or conclusions of law to the district court so long as the claims are related to cases under title 11. *Id.* 7-8. The narrow definition of "related to" jurisdiction promulgated by the Seventh Circuit Court of Appeals (the court that decided *Wellness*) is that a case is "related to bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'" *In re Conseco*, 305 B.R. 281, 283 (Bankr.N.D.Ill.2004) citing *In re FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir.1995).

Only the outcome of the Trustee's Adversary Complaint has an effect on the amount of property available for distribution or the allocation among the creditors in this case. In contrast, Reff's complaint seeks a declaratory judgment as to the interest of two non-debtors to the property if it is not found to be property of the bankruptcy estate.

Reff is requesting a judgment finding that it is entitled to the entire amount of the insurance proceeds. If the proceeds are found to be the property of Reff following a decision on

4

the Trustee's Adversary complaint, Jennifer Smith's rights to those proceeds is a state court matter which would not at all affect the amount of property for distribution or the allocation of the property among creditors. "Bankruptcy courts do not have subject matter jurisdiction over property excluded from or outside the bankruptcy estate." *In re McClellan*, 99 F.3d 1420 (7th Cir. 1996).

If the property is found to be property of the estate, the distribution of the estate to parties is subject to determination by the bankruptcy court and would not be properly determined by the Reff's Third-Party Complaint herein.

Based on the Supreme Court's reasoning in *Stern v. Marshall*, 131 S.Ct. 2594 (2011) and the subsequent Seventh Circuit case of *In re Ortiz*, 665 F.3d 906 (7th Cir. 2011) the *Wellness* court ultimately held that a bankruptcy court does not have constitutional authority to enter final judgment on a core proceeding where the claims are "ordinary state law claims" that

> involved private parties litigating interests defined by state law that were not historically determined by the executive or legislative branches; no governmental parties were involved; the claims did 'not flow from a federal statutory scheme'; and the claims did not involve 'particularized area of the law' where Congress had established a body with particular expertise to determine certain factual matters in an efficient and inexpensive manner.

2013 WL 4441926 (C.A.7 (Ill.)) at 12 (citing *Stern v. Marshall* and *In re Ortiz*).

The *Wellness* court found that the alter-ego claim was

> in almost all material respects...indistinguishable from the tortious interference counterclaim in Stern, the fraudulent conveyance claim in Granfinanciera, the contract claim in Northern Pipeline, and the disclosure claim in Ortiz. The alter-ego claim is a state-law claim that does not involve "public rights." The dispute is between private parties and involves no governmental parties. It stems from state law rather than a federal statutory scheme. And it does not involve a

5

particularized area of law. Instead, it is a commonlaw claim for which state law provides the rule of decision....

*Wellness* at 19.

It is clear that Reff's claims are akin to the aforementioned list of claims that the Supreme Court and our Seventh Circuit court have held are not within the bankruptcy court's constitutional authority to decide.

This Court has ruled that it will not consider issues relating to any request by Reff relating to withdrawal of the reference. It should be observed that the *Wellness* case does not impact upon this ruling by the Court. This case involves neither a core nor non-core proceeding. Count VI of the Third Party Complaint only requests the resolution of a state law claim between two creditors if the property at issue is held not to be property of the debtor's estate. In *Wellness*, the finding that an alter-ego status exists would have the effect of enhancing the bankruptcy estate. In this case, the outcome of Count VI will not impact the extent of the property of the estate available for the Trustee to administer.

The point is that the *Wellness* decision does not discuss the issues of this case as they relate to the issue of withdrawal of the reference, does not serve as authority for the request of the third-party plaintiff relating to withdrawal of the reference and thus does not have any effect upon this Court's decision not to consider that issue.

For the foregoing reasons, Smith respectfully submits that this Honorable Court enter an Order dismissing Count VI of the Third-Party Complaint with prejudice and granting such other and further relief as this Honorable Court may deem appropriate.

Dated:   September 18, 2013

JENNIFER SMITH, Third Party Defendant

BY:  ELLIOTT & TRAINOR, P.C.
Attorneys for said Third-Party Defendant

By: _____
Ralph E. Elliott, One of Said Attorneys

Ralph E. Elliott
Bridget C. Trainor
ELLIOTT & TRAINOR, P.C.
Attorneys for Defendant, Jennifer Smith
1005 W. Loras Drive,
P.O. Box 1149
Freeport, IL  61032
tel. 815-233-1022
fax. 815-233-1988
email:  ree@etpclaw.com

7