UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re Pinewood Buffet & Grill Inc., <br><br> Debtor. | |
| Daniel M. Donahue, Trustee, <br><br> Plaintiff <br><br> v. <br><br> Jennifer L. Smith, <br><br> Reff Properties, LLC, <br><br> and <br><br> Dan G. Fishburn, <br><br> Defendants | Bankruptcy No. 12-B-83341 <br><br> Adversary No. 13-A-96019 <br> Chapter 7 <br><br> Judge Thomas M. Lynch |
| Reff Properties, LLC, <br><br> 3rd Party Plaintiff <br><br> v. <br><br> Jennifer L. Smith, <br><br> Auto-Owners Insurance Company, <br><br> Michael Woodward, <br><br> and <br><br> Bauer Group Agency, Ltd. a/k/a The Bauer Group, Ltd. a/k/a Bauer McCoy Insurance Agency, Inc., <br><br> 3rd Party Defendants | |

## MEMORANDUM OPINION

Before the court are the motions of Jennifer Smith, Auto-Owners Insurance Company, Michael Woodward and the Bauer Group Agency, Ltd. to dismiss Reff Properties, LLC's Third-Party Complaint for lack of subject matter jurisdiction. For the reasons set forth herein, the motions will be granted in part and denied in part.

## I.    PROCEDURAL BACKGROUND AND PERTINENT ALLEGATIONS

In its Third-Party Complaint, Reff Properties, LLC ("Reff") alleges that it leased to Debtor certain property in Freeport, Illinois in which Debtor operated a restaurant. A fire at the restaurant caused substantial damage to the premises. The Debtor never reopened the business and subsequently filed for relief under Chapter 7 of the Bankruptcy Code.

The Chapter 7 trustee in the bankruptcy case filed an adversary complaint with regard to the proceeds paid by the restaurant's insurer for losses resulting from the fire. The trustee seeks a declaratory judgment that the insurance proceeds are property of the bankruptcy estate. Reff, a defendant in the trustee's action, commenced the instant adversary proceeding to obtain a declaration that some or all of the insurance proceeds are payable to Reff and that the trustee's claim as to Reff's share of the proceeds results from the negligence of others. The third-party defendants have moved for the dismissal of Reff's Third-Party Complaint.

The Debtor leased the property from Reff pursuant to a Real Estate and Equipment Lease Agreement (the "Lease Agreement"). The Lease Agreement required that the Debtor shall maintain fire and casualty insurance to insure the leased premises and required that Reff be listed as a named insured. The Debtor obtained a fire insurance policy issued by Auto-Owners Insurance ("Auto-Owners") through Bauer Group Agency, Inc. ("Bauer") and its officer, Michael Woodward ("Woodward" and together with Auto-Owners and Bauer, the "Insurance Parties").

Although the insurance binder named Reff as a "mortgagee, loss payee and additional insured," the policy ultimately issued by Auto-Owners did not. Instead, the policy listed Jennifer Smith as an additional insured "Secured Interested Party." Reff alleges that it had not been informed that Ms. Smith had been added to the policy or that Reff had been removed. Instead,

Reff alleges that it learned that it was not named as a loss payee the day after the fire. Nearly a year later, Bauer, on behalf of Auto-Owners, issued a change of endorsement naming Reff as a "Secured Interested Party." The change of endorsement was to be retroactively effective to the date of the fire.

Auto-Owners eventually issued a check under the Insurance Policy for $439,252.33 made payable jointly to the Debtor, Jennifer Smith and Reff "in payment of the actual cash value of building, less deductible and mitigation." The insurer also issued a separate check for $41,981.58 made payable jointly to the Debtor and Reff in payment of the "actual cash value of contents less mitigation and less property of others." The Debtor, Ms. Smith and Reff agreed to deposit the insurance proceeds into an escrow account of a law firm until their competing claims to the proceeds were resolved.

The Chapter 7 trustee's adversary complaint seeks a declaratory judgment that the escrowed insurance proceeds are property of the bankruptcy estate and that Reff may hold only the claim of a general unsecured creditor. The Chapter 7 trustee also asks the court to order attorney Dan Fishburn to turn over to the estate the insurance proceeds he holds in escrow. Reff and Ms. Smith each answered the trustee's complaint. Attorney Fishburn has not.

Reff named Bauer, Woodward, Auto-Owners and Ms. Smith in its Third-Party Complaint. As against Bauer, Woodward and Auto-Owners, Reff seeks a money judgment to indemnify it for its losses if it is determined that Reff does not have an interest in the insurance proceeds. Reff asserts this claim under various theories, including violation of duties under Illinois insurance statutes, negligence, and breach of contract. In Count VI against Ms. Smith, Reff requests declaratory judgment that Reff is entitled to the insurance proceeds free and clear of any interest or lien Ms. Smith may assert.

Ms. Smith initially moved to dismiss Count VI pursuant to Fed. R. Civ. P.12(b)(1) as

incorporated by Bankr. R. 7012. Subsequently, Bauer and Woodward filed their joint motion.

Both motions assert that Reff's Third-Party Complaint should be dismissed because this court

lacks subject matter jurisdiction. Auto-Owners later orally joined in the motions filed by Ms.

Smith and Bauer and Woodward at a status hearing.[1]

## II.   DISCUSSION

A.   Subject Matter Jurisdiction.

Courts have an independent duty to ensure that they have subject-matter jurisdiction, and

neither the parties nor their lawyers may waive arguments that the court lacks jurisdiction. See,

e.g., Dexia Credit Local v. Rogan, 602 F.3d 879, 884 (7th Cir. 2010). "The jurisdiction of the

bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute."

Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995).

28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

title 11." District courts are given the power to refer "any or all proceedings arising under title

11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." 28

U.S.C. § 157(a). The Northern District of Illinois has issued an internal operating procedure that

provides: "[p]ursuant to 28 U.S.C. §157(a), any and all cases under Title 11 U.S.C. and any and

all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11

U.S.C. are referred to the bankruptcy judges of this District." N.D. Ill. Internal Operating

---

[1] Reff's Third-Party Complaint asserted claims against Bauer (Count I), Woodward (Count II), Auto-Owners
(Counts III, IV,V) and Ms. Smith (Count VI). Bauer and Woodward's motion only seeks to dismiss Counts I and II,
and Ms. Smith's motion challenges only Count VI. Presumably, by asking to 'join' in those motions, Auto-Owners
has orally moved to dismiss Counts III, IV and V against it for the same reasons stated in Bauer and Woodward's
and Ms. Smith's motions. In any event, for the reasons discussed below this court is independently obliged to
determine whether the claims asserted in the Third-Party Complaint are within the court's subject matter
jurisdiction.

Procedure 15(a).

Section 1334(b), Section 157(a) and Operating Procedure 15(a) all employ the same terminology to identify three categories of proceedings that can be heard by bankruptcy courts in addition to the bankruptcy case itself: those "arising under" the Bankruptcy Code, those "arising in" a bankruptcy case and those "related to" a bankruptcy case.

(1)   Jurisdiction Over The Trustee's Claims.

    (a)   The Trustee's Action "Arises In" The Bankruptcy Case And Is A Core Proceeding

The court must begin its consideration of jurisdiction with the Chapter 7 trustee's adversary complaint. The trustee's action provides the foundation for the claims – including the jurisdictional claim – asserted in Reff's Third-Party Complaint. Indeed, Reff argues in pertinent part that this court possesses ancillary or supplemental jurisdiction over the third-party claims by virtue of the court's jurisdiction over the trustee's complaint. This argument is premised on this court actually having jurisdiction over the trustee's adversary complaint. Accordingly, while no party has explicitly challenged the question,[2] this court must necessarily first determine whether it possesses that jurisdiction.

The jurisdictional statutes do not specifically define what type of proceedings "arise in" a bankruptcy case or "arise under" the Bankruptcy Code. Instead, Section 157 sets forth a non-exhaustive list of "core" proceedings. 28 U.S.C. §157(b). The Supreme Court has held that "core proceedings are those that arise in a bankruptcy case or under Title 11." Stern v. Marshall, 131 S. Ct. 2594, 2605 (2011) ("[T]he statute simply does not provide for a proceeding that is simultaneously core and yet only related to the bankruptcy case.").

---

[2] The Chapter 7 trustee's complaint alleges that his adversary is a core proceeding over which the bankruptcy court has proper jurisdiction. (T's Amend. Compl. ¶¶1-2 (ECF. No. 25)). Both Reff's and Ms. Smith's admit these allegations in their answers to the trustee's complaint. (Reff's Answer to Amend. Compl. ¶¶1-2 (ECF No. 37)); Ms. Smith's Answer to Amend. Compl. ¶¶1-2 (ECF No. 43)).

The trustee's adversary complaint seeks a determination that the insurance proceeds held in escrow by attorney Fishburn are property of the estate and asks the court to order Fishburn to turn the proceeds over to the estate. In doing so, the trustee necessarily also requests a declaration that there is no valid claim to the insurance proceeds outside of the bankruptcy estate. These requests fall squarely within several categories expressly described by the jurisdictional statute as "core," including "orders to turn over property of the estate," 2 8 U.S.C. §157(b)(2)(E), "determinations of the validity, extent, or priority of liens," 28 U.S.C. §157(b)(2)(K), "allowance or disallowance of claims against the estate or exemptions from property of the estate," 28 U.S.C. §157(b)(2)(B), "matters concerning the administration of the estate," 28 U.S.C. §157(b)(2)(A), and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." 28 U.S.C. §157(b)(2)(O). Additionally, the trustee's action is core both as against Reff and as against Ms. Smith because both have filed proofs of claim against the estate. 28 U.S.C. §157(b)(2)(C) (core proceedings include "counterclaims by the estate against persons filing claims against the estate"). Therefore, the trustee's adversary matter is a core proceeding and arises in the bankruptcy case.

(b)     The Trustee's Adversary Complaint Is Properly Within The Court's Authority

The Supreme Court held in Stern v. Marshall that the statutory grant of power to bankruptcy judges in 28 U.S.C. §157(b)(2)(C) to hear and determine "counterclaims by the estate against persons filing claims against the estate" in certain types of counterclaims the statute designates as "core" exceeds the limits of Article III of the Constitution. 131 S. Ct. 2594 (2011). Stern involved a counterclaim by a Chapter 11 debtor against a claimant for tortuous interference with the debtor's expectancy of an *inter vivos* gift through the living trust formed by her

deceased husband. The debtor in <u>Stern</u> argued that her adversary was "core" under Section 157(b)(2)(C) as a counterclaim against a creditor who had filed a proof of claim.

That is not the case presented by Pinewood's Chapter 7 trustee. He is not pursuing money damages against Reff or Ms. Smith. Nor is he suing the insurance company for breach of the insurance agreement; indeed, the insurance company has already issued a check payable at least in part to the Debtor. Instead, the Chapter 7 trustee seeks the turnover of specific property that he asserts to belong to the bankruptcy estate. As recently noted by the Eighth Circuit, "Bankruptcy courts applying <u>Stern</u> have so far held that *bona fide* turnover actions are permissible core proceedings because 'the exercise of exclusive jurisdiction over all the debtor's property' is one of the '[c]ritical features of every bankruptcy proceeding.'" <u>Lovald v. Falzerano (In re Falzerano)</u>, 686 F.3d 885, 887 n.2 (8th Cir. 2012) (distinguishing turnover proceedings, which were within a bankruptcy court's constitutional authority, from proceedings "to liquidate disputed contract claims."). <u>See also</u> <u>First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.)</u>, 713 F.3d 285, 294 n.12 (5th Cir. Apr. 5, 2013) ("While Stern's 'in one isolated respect' language may understate the totality of the encroachment upon the Judicial Branch posed by Section 157(b)(2), . . . the determination of the priority of liens is not likely such an encroachment.") (citing cases); <u>Sundale, Ltd. v. Florida Assocs. Capital Enter., LLC (In re Sundale, Ltd.)</u>, 499 Fed. Appx. 887, 893 (11th Cir. Nov. 29, 2012) ("a bankruptcy court would have jurisdiction to enter final judgment on state law counterclaims that are necessarily resolved in the process of ruling on a creditor's proof of claim"). The Chapter 7 trustee asserts that the insurance proceeds held in escrow are property of the estate for which he is authorized, indeed required, to seek a determination of interest and a turn over order. As such, the adversary brought by the Chapter 7 trustee is properly within this court's authority. Indeed,

this action to recover specific property of the estate is also an *in rem* proceeding over which the bankruptcy court has exclusive jurisdiction under 28 U.S.C. § 1334(e).[3]

The Sixth Circuit has held that it "is crystal clear" that a bankruptcy court has "constitutional jurisdiction under <u>Stern</u> to adjudicate" a matter where "it was not possible ... to rule on [the creditor's] proof of claim without first resolving" the matter. <u>Onkyo Europe Elec. GMBH v. Global Technovations Inc. (In re Global Technovations Inc.)</u>, 694 F.3d 705, 722 (6th Cir. 2012). In a recent decision citing the Supreme Court's decisions in <u>Katchen v. Landy</u>, 382 U.S. 323, 329-36 (1966), and <u>Langenkamp v. Culp</u>, 498 U.S. 42, 44-45 (1989), the Seventh Circuit underscored the constitutional authority of the bankruptcy court to "adjudicat[e] a trustee's avoidance actions against creditors who have submitted claims." <u>Peterson v. Somers Dublin Ltd.</u>, 729 F.3d 741, 747 (7th Cir. Sept. 6, 2013). The court in <u>Somers</u> recognized that a dispute under 11 U.S.C. § 502(d) comes within the proper authority of the bankruptcy court because the defendants have submitted proofs of claims. Section 502(d) authorizes the bankruptcy court to "disallow any claim of any entity" who, in pertinent part, holds property of the estate recoverable under Sections 542 or 543 (turnover of property to the estate) unless such entity has paid the amount or turned over the property to the estate. <u>Id</u>. In reaching this conclusion the court of appeals noted that both the <u>Stern</u> decision and its own <u>Wellness</u> decision are consistent with <u>Katchen</u> and <u>Langenkamp</u>.[4] <u>Id.</u>

The trustee brings his action against Reff and Ms. Smith, the creditor-defendants in the

---

[3] "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction ... of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e). <u>See also Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)</u>, 448 Fed. Appx. 134, 138, 2011 WL 5924410 (2nd Cir. Nov. 29, 2011) ("Because the contracts between the Insurers and Delphi are part of Delphi's estate and the district courts 'have exclusive jurisdiction ... of all the property, wherever located, of the debtor as of the commencement of [a case under Title 11] and of property of the estate,' the adversary proceeding implicates the *in rem* authority of the lower courts.").

[4] <u>Wellness Int'l Network, Ltd. V. Sharif</u>, 727 F.3d 751 (7th Cir. Aug. 21, 2013).

trustee's action, to obtain a determination that the Insurance Proceeds are property of the

bankruptcy estate that should be paid to the estate for the benefit of its creditors.  Reff and Ms.

Smith each filed a proof of claim in the Pinewood bankruptcy case.  The trustee's adversary

complaint states that Reff claims a secured interest in the proceeds and that the Insurance Policy

names Smith as one of its "Secured Interest Parties."  Ms. Smith answered the complaint by

admitting nearly all of the trustee's allegations, including his allegation that "the Insurance

Proceeds are property of the bankruptcy estate and should be paid to the same for the benefit of

the estate's creditors.  Smith Answr. to Amend. Compl. ¶ 15 (ECF No. 43).  Reff, on the other

hand, denies the allegations in that paragraph.  Reff Answr. to Amend. Compl. ¶ (15 ECF No.

37).  The trustee does not seek any recovery of monetary damages from either creditor-

defendant, but rather asks the court to adjudicate the secured claim asserted against the proceeds

and to order that the attorney responsible for the escrow account turn over the Insurance

Proceeds to the bankruptcy estate.  It is therefore evident that the trustee's adversary proceeding,

the predicate to Reff's action, falls squarely with the proper jurisdiction of this court.

(2)      Reff's Third-Party Complaint Against Jennifer Smith Also "Arises In" The Bankruptcy
         Case And Is A Core Proceeding Over Which The Court Has Authority.

Reff's adversary proceeding against Ms. Smith also is a core proceeding within this

court's authority to enter final judgments.  It basically seeks the same relief that the trustee seeks

against Ms. Smith, namely a determination that either she does not possess an interest in the

insurance proceeds or that the interest she may hold is inferior to Reff's interest.  Thus, in its

Count VI, Reff asserts an *in rem* claim seeking to determine the validity, extent, or priority of a

lien or other interest in property of the estate.  No other connection between Reff and Ms. Smith

is alleged other than their competing claims to the insurance proceeds which the trustee asserts to

be property of the estate.   Reff does not seek any relief against Ms. Smith beyond the

determination of the parties' competing rights to those proceeds.

The fact that Reff asserts a security interest in the proceeds does not mean that they are not property of the estate. See, e.g., Resource Funding, Inc. v. Pacific Continental Bank (In re Washington Coast I, L.L.C.), 485 B.R. 393, 406 (9th Cir. B.A.P. 2012) ("The estate 'has an interest,' of course, even in its over encumbered property.") (citing Dewsnup v. Timm, 502 U.S. 410, 432 n. 4 (1992) (Scalia, J. dissenting)). A bankruptcy trustee can liquidate property owned by the estate even if a creditor asserts a security interest in the property. Under Section 704(a), it is one of the trustee's primary duties to "collect and reduce to money the property of the estate for which such trustee serves." Where the trustee asserts that the estate has equity above the interest of secured creditors, the trustee will generally liquidate the property and merely distribute the first portion of proceeds to creditors holding valid liens in the property before distributing the remainder to unsecured creditors. See 11 U.S.C. § 725 ("After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.").

The Chapter 7 trustee asserts that the insurance proceeds are property of the estate, contests the validity of any purported interest of either Reff or Ms. Smith, and seeks to collect and liquidate those proceeds. In order to do so, he must obtain a determination of the validity and respective priority of *both* Reff's and Ms. Smith's purported liens or interests in order to determine the validity of their claims and to distribute the proceeds. Reff also has standing to assert its rights in property of the estate and claims against the estate and to object to rights and claims asserted by other creditors. A creditor is a "party in interest" and has standing to object to

the claim of another creditor. 11 U.S.C. § 502(a); Adair v. Sherman, 230 F.3d 890, 894 n. 3 (7th Cir. 2000) ("Parties in interest include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding. Therefore, if one creditor files a potentially fraudulent proof of claim, other creditors have standing to object to the proof of claim") (internal citations omitted).

A proceeding by one secured creditor contesting the priority of other secured creditors in collateral constituting property of the estate is a core proceeding over which bankruptcy courts have authority to enter final judgment. Resource Funding, Inc. v. Pacific Continental Bank (In re Washington Coast I, L.L.C.), 485 B.R. 393, 405 (9th Cir. B.A.P. 2012) ("Unlike the resolution of [the] counterclaim in Stern ... resolution of the lien priority dispute here was part and parcel of the claims resolution process and thus 'integral to the restructuring of the debtor-creditor relationship.'"). Even though Ms. Smith has filed only an unsecured claim, the determination requested by Reff's against her in its adversary proceeding is necessary to resolve Reff's claim against the estate. Further, Reff asserts alternatively in its proof of claim that its claim is secured by the insurance proceeds. Because Section 506(a) bifurcates a claim into secured and unsecured portions based on "the value of such creditor's interest in the estate's interest in such property," it is necessary to determine the creditor's rights in property even *vis a vis* other creditors in order to determine the secured status of the creditor's claim. 11 U.S.C. § 506(a). The resolution of the rights of Ms. Smith in the insurance proceeds is necessarily resolved in the process of ruling on both Ms. Smith's and Reff's proofs of claim. See, e.g., In re Washington Coast I, L.L.C., 485 B.R. at 406 ("the determination of priority between two creditors such as PCB and RF is not only tied to the claims resolution process, but it also involves the adjudication of rights ... under § 506.").

It is true that Reff has argued in the alternative that it has an actual ownership interest in the insurance proceeds and therefore disputes that the proceeds are property of the estate. But the trustee contends that the proceeds are property of the estate, and this court by necessity has jurisdiction to at least determine the scope of its own jurisdiction. See, e.g., Bayo v. Napolitano, 593 F.3d 495, 500 (7th Cir. 2010) ("a federal court always has jurisdiction to determine its own jurisdiction.") (citing United States v. Ruiz, 536 U.S. 622, 627 (2002)). Where, as here, the court's jurisdiction relies on a finding that the proceeds are property of the estate, this court has jurisdiction to make that determination.

Jennifer Smith contends that this court only has jurisdiction to determine *whether* the estate has an interest in the insurance proceeds, and not the interests of Reff and Ms. Smith. Established precedent, however, does not support this argument. In Elscint, Inc. v. First Wis. Fin. Corp. (In re Xonics, Inc.), the Seventh Circuit determined that if a bankruptcy estate asserts an interest in property for which two competing creditors also claim an interest, "the bankruptcy court could determine the interests of all three in the property under 28 U.S.C. § 157(b)(2) or § 157(c)(1), because only after identifying the 'property' of the estate may the court apportion that property among creditors." 813 F.2d 127, 131 (1987). Xonics, a debtor in possession, had abandoned its interest in the property at issue. The Seventh Circuit accordingly found that the bankruptcy court no longer had jurisdiction to determine the allocation of rights between the two creditors because such a determination would not "affect[] the amount of property available for distribution or the allocation of property among creditors." 813 F.2d at 131. In contrast, the Pinewood trustee continues to assert that the insurance proceeds are property of the estate. Therefore, the court has authority and jurisdiction to determine rights in that property.

Finally, Ms. Smith argues that the dispute over her right to the insurance proceeds "is

subject to the procedure for bankruptcy claims procedure as set forth in 11 U.S.C. §501 *et. seq.* and the rules promulgated thereunder [and] would not be properly determined by the Third-Party Complaint." Smith Reply at 6 (ECF No. 51). This procedural argument asserts that Reff's claim is not properly the subject of an adversary proceeding, but rather must be presented either as an objection to Ms. Smith's proof of claim under Rule 3007 or a motion to value security under Rule 3012. However, the proposed objection would not be adequate because Reff must adjudicate Ms. Smith's potential interests in the property to determine Reff's *own* claim. Rule 7001(2) demands an adversary proceeding for such an adjudication ("a proceeding to determine the validity, priority, or extent of a lien or other interest in property"). Ms. Smith's proposal for a motion to value security also is inadequate because it ignores the fact that Reff seeks more than a property valuation. Reff also requests a determination of its rights *vis* other competing interests in the property, including any rights of Ms. Smith. Again, Bankruptcy Rule 7001(2) requires that this adjudication take place in an adversary proceeding.

In short, the Bankruptcy Rules not only allow, but require Reff to pursue the relief it seeks through an adversary proceeding. Because the determination sought by Reff overlaps with the relief sought by the trustee, both as against Ms. Smith and Reff, it was not inappropriate for Reff to file its action as a third party complaint in the same adversary proceeding. See Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.").

(3)    Reff's Third-Party Complaint As Against The Insurance Parties Is Neither A Core
       Proceeding Nor "Related To" The Bankruptcy Case.

In contrast to its claim against Ms. Smith, Reff's adversary claims against the Insurance

Parties are not *in rem* proceedings.  Reff does not allege that any of those three parties claim a

direct ownership interest in the insurance proceeds.   Instead, Reff asserts that if the court

determines that Reff does not have a valid interest or security interest in the insurance proceeds it

has a state law claim against the Insurance Parties for their failure to create or perfect such

interest.  But a determination of a claim for monetary damages between a creditor and a third

party, such as Reff's claim against the Insurance Parties, does not "affect[] the amount of

property available for distribution or the allocation of property among creditors." Xonics, 813

F.2d at 131. Thus, it is not "related to" the bankruptcy case. The mere fact that Reff is a creditor

of the bankruptcy estate does not make its claims against third parties "related to" the case.  It is

"the relation of dispute to estate, and not of party to estate, that establishes jurisdiction." Id.  As

the Supreme Court has stated, "bankruptcy courts have no jurisdiction over proceedings that

have no effect on the estate of the debtor." Celotex Corp., 514 U.S. 300, 308 n.6 (1995).

Therefore, 28 U.S.C. § 1334 does not provide this court with subject matter jurisdiction to hear

Reff's third party action against Auto-Owners, Woodward or Bauer.

(4)    This Court Does Not Have Supplemental Jurisdiction To Hear Reff's Third Party Claims
       Against the Insurance Parties.

Reff next argues that even if its claims against the Insurance Parties are not directly

related to the bankruptcy case, this court possesses supplemental jurisdiction to adjudicate them.

It points to this court's jurisdiction over the trustee's complaint and the fact that Reff's claims

against the Insurance Parties are closely intermeshed with those raised by the trustee to contend

that this court must have supplemental jurisdiction under 28 U.S.C. §1367.

Section 1367 states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Noting that the "few courts of appeals to have addressed the issue are divided over whether bankruptcy courts have supplemental jurisdiction," the Seventh Circuit "has not taken sides" on this particular question. Townsquare Media, Inc. v. Brill, 652 F.3d 767, 771 (7th Cir. 2011).  However, the court further notes that even if hypothetically bankruptcy courts could exercise supplemental jurisdiction, it would be inconsistent with Stern for them to issue final judgments in such matters. Id. at 772.

Taking heed of Brill's cautionary note, this court is persuaded by the line of decisions that after closely examining the question have concluded that bankruptcy courts cannot exercise supplemental jurisdiction under 28 U.S.C. §1367.  See, e.g., Banc of America Inv. Serv. v. Fraiberg (In re Conseco), 305 B.R. 281, 286-87 (Bankr. N.D. Ill. 2004) (bankruptcy court may not exercise supplemental jurisdiction); Simmons v. Ford Motor Credit Co. (In re Simmons), 224 B.R. 879, 886 (Bankr. N.D. Ill.. 1998) (same); Fisher v. Fed. Nat'l Mortgage Ass'n (In re Fisher), 151 B.R. 895, 899 (Bankr. N.D. Ill. 1993) (same).  Section 1367 gives *district courts* authority to exercise supplemental jurisdiction.  District courts thus may have the power to exercise supplemental jurisdiction over claims "so related to claims" for which the district court has original jurisdiction under 28 U.S.C. §1334 that they form part of the same case or controversy.  But bankruptcy courts have more limited jurisdiction than district courts. Bankruptcy courts obtain their jurisdiction through 28 U.S.C. §157 and, in the Northern District of Illinois, through Internal Operating Procedure 15.

Both Section 157 and Operating Procedure 15 provide for a reference of (1) cases under title 11, (2) proceedings "arising under" title 11, (3) proceedings "arising in" cases under title 11, and (4) proceedings "related to" cases under title 11. This terminology matches the words used in Section 1334 but differs from that used in Section 1367, which refers to claims "so related ... that they form part of the same case or controversy." The Seventh Circuit has defined the term "related to" as used in 11 U.S.C. § 1334 to concern a dispute that "affects the amount of property available for distribution or the allocation of property among creditors." Xonics, 813 F.2d at 131. This court declines Reff's invitation to stretch the meaning of the term "related to" beyond that described by the court of appeals. Because Reff's claims against the Insurance Parties will not affect the amount of property available for distribution or the allocation of property among creditors, the claims are not referred to this court under Section 157 or Operating Procedure 15. This result does not change even if the district court is found to possess jurisdiction over Reff's claims against the Insurance Parties under 11 U.S.C.§ 1367. As the Seventh Circuit has noted, "there is a serious question whether 28 U.S.C. §1367 is applicable to bankruptcy cases." Chapman v. Currie Motors, Inc., 65 F.3d 78, 81 (7th Cir. 1995).[5]

Because the counts against the Insurance Parties do not "relate to" the bankruptcy case, even if the district court finds itself possessing jurisdiction to hear Reff's claims against the Insurance Parties, that court's Internal Operating Procedure 15 does not refer such a matter to this court and the district court does not have authority to do so under 28 U.S.C. §157(a). Therefore, counts I, II, III, IV and V of Reff's third party complaint must be dismissed without prejudice for lack of subject matter jurisdiction, and Bauer, Woodward and Auto-Owners shall be dismissed as defendants.

---

[5] The court expressed concern that such argument "would step on the toes of the bankruptcy statute conferring 'related to' jurisdiction." Id.

B.   No Position With Respect To Future Request To Withdraw the Reference.

Apparently anticipating that this court might find that it lacks subject matter jurisdiction over certain parts of its Third-Party Complaint, Reff asks in the alternative asks that the court "recommend[] that the district court withdraw the reference of both the trustee's and Reff's Third Party Complaint." Any such request to withdraw the reference must be made to the district court, not to the bankruptcy court. 28 U.S.C. §157(d); Bankr. N.D. Ill. Internal Operating Procedure 14 ("If a motion for withdrawal of reference is filed pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, the clerk will transmit that motion to the clerk of the District Court for assignment to a judge of that court pursuant to its rules."). While certain other district courts have invited recommendations by their bankruptcy courts,[6] the Northern District of Illinois has not. This court, therefore, will not offer an unsolicited opinion on whether the district court should or should not withdraw the reference – particularly since the district court has a considerable amount of discretion in making such decision. 28 U.S.C. §1367(c). See, e.g., In re Beale, 410 B.R. 613, 615 (N.D. Ill. 2009) ("District courts have broad discretion under this standard, though permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets.").

Reff has also asked for this court to stay its order dismissing portions of its third party complaint by at least 14 days to enable it to file a motion to withdraw the reference, and to also stay the entire adversary proceeding until the district court rules on such motion to withdraw the reference. Bankruptcy Rule 5011(c) provides that the filing of a motion for withdrawal of a proceeding shall not stay the proceeding before the bankruptcy judge except that the bankruptcy

---

[6] See, e.g., N.D. Ind. Local Rule 200-1(b)(1)(C) ("The bankruptcy judge may submit a written recommendation concerning the motion, the effect of withdrawal upon the disposition of the underlying bankruptcy case, and whether the disposition of the motion should be expedited.").

judge may stay the matter on proper terms and conditions.  Accordingly, this court will grant Reff's request and stay its dismissal order so as to permit Reff to move to withdraw the reference should it now choose to do so.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

For the reasons stated above, the court will deny Jennifer Smith's motion to dismiss the Third-Party Complaint against her but will grant the Insurance Parties' motions to dismiss the counts against them.  However, the court will stay the matter on the following terms to permit Reff Properties, LLC to move for withdrawal of the reference to the district court should it choose to do so.

This adversary proceeding, including the order entered today dismissing counts I, II, III, IV and V of Reff's Third-Party Complaint, shall be stayed through January 13, 2014.  If a motion to withdraw the reference for this adversary proceeding is not filed by Reff by that date, the order dismissing those counts shall become immediately effective and Ms. Smith shall file her answer to Count VI of the Third-Party Complaint by January 27, 2014.  If Reff files a motion to withdraw the reference by January 13, 2014, the adversary proceeding, including the order dismissing counts I, II, III, IV and V, shall be stayed until the district court's disposition of the motion to withdraw reference.  If the district court denies the request to withdraw the reference, Ms. Smith shall file her answer within 14 days thereafter.

A separate order will be entered consistent with this Memorandum Opinion.

ENTER:

DATE:  December 30, 2013

Thomas M. Lynch
United States Bankruptcy Judge